

# STATE OF MICHIGAN

# SUPREME COURT

ATTORNEY GENERAL,
   Plaintiff-Appellee,

             SC: 154862, 154886
v             COA: 335947

BOARD OF STATE CANVASSERS and
DIRECTOR OF ELECTIONS,
   Defendants-Appellees,
and

JILL STEIN,
   Intervening Defendant-Appellant.

_____

DONALD J. TRUMP,
   Plaintiff-Appellee,

             SC: 154868, 154887
v             COA: 335958

BOARD OF STATE CANVASSERS and
DIRECTOR OF ELECTIONS,
   Defendants-Appellees,
and

JILL STEIN,
   Intervening Defendant-Appellant.

_____/

**Statement of Chief Justice Young Granting Intervening Defendant-Appellant's Motion to Disqualify**

**December 8, 2016**

YOUNG, C.J.  As I have previously stated, *anybody* can make a list.[1]  In this regard, after serving as a jurist for 21 years, 18 on this Court, I fully acknowledge that, at the age of 65, the probability of my being selected and appointed from the president-elect's infamous list of United States Supreme Court potential appointees is extraordinarily remote.[2]  Indeed, the oldest justices *ever* appointed in the history of the United States Supreme Court were approximately my age at the time of their appointment.[3]  The conflict supposed by intervening defendant is both speculatively hypothetical and, in my case, improbable.

In the normal course of events, I believe that justices have a duty to sit on cases that come before the Court and should disqualify themselves only when the conflict is real and so patent that recusal is necessary.[4]  This duty to sit is required because justices who recuse themselves cannot be replaced, and every disqualification alters the composition of the Court the citizens have chosen.  As significant, disqualifications disrupt the decision-making and process in a particular case that only a full complement of justices can provide.  As I have previously written, recusal is mandated whenever a judge is *actually* biased and cannot impartially hear a case.[5]  I have no actual bias, and the intervening defendant makes no claims to the contrary.

After the disintegration of the political question doctrine and such cases as *Bush v Gore*,[6] courts are increasingly called upon to settle frank political questions.  Now, more than ever, a bit

---

[1] Chad Livengood, The Detroit News, *Young on Trump's List for High Court Nominations* <http://www.detroitnews.com/story/news/politics/2016/09/23/aide-young-trumps-list-high-court-nominations/90900822/> (posted September 23, 2016) (accessed December 6, 2016).

[2] Indeed, I am confident that the only two sexagenarians guaranteed to never be confirmed by the Senate are me and my law school classmate, Judge Merrick Garland.

[3] Justice Horace Harmon Lurton was 65 years old when he was appointed to the Court in 1909. Justice Charles Evans Hughes was 67 years old when he was reappointed to the Court in 1930, having previously served between 1910 and 1916.  In modern times, Justice Ruth Bader Ginsburg, aged 60, was the oldest justice appointed.

[4] *Adair v Michigan*, 474 Mich 1027, 1040-1041 (2006) (statement by TAYLOR, C.J., and MARKMAN, J.).

[5] See 485 Mich cxxx, clxvii-clxxxv (2009) (YOUNG, J., dissenting); *Pellegrino v AMPCO Sys Parking*, 485 Mich 1134, 1155-1165 (2010) (statement by YOUNG, J.).

[6] *Bush v Gore*, 531 US 98; 121 S Ct 525; 148 L Ed 2d 388 (2000).

of judicial restraint is required to resist the calls of political sirens who urge the courts to engage in politics by another name.[7]

With reluctance, and for being a name on a list,[8] I grant intervening defendant's motions for disqualification because of the unique circumstances of this case—a challenge of the state's delegation to the College of Electors assigned to the president-elect—that has brought national attention to this matter. I do so in order that the decision made by my colleagues in this case will not be *legitimately* challenged by base speculation and groundless innuendo by the partisans in this controversy and beyond.

---

[7] The need for such restraint is illustrated by the actions taken by another law school classmate, federal judge Mark Goldsmith, who has already taken it upon himself judicially to alter the recount process our Legislature has unambiguously created. See *Stein v Thomas*, opinion and order of the United States District Court for the Eastern District of Michigan, issued December 5, 2016 (Case No. 16-cv-14233). See also, *Stein v Thomas*, order of the United States Court of Appeals for the Sixth Circuit , entered December 6, 2016 (Case No. 16-2690) (affirming Judge Goldsmith's injunction but reminding him that he must dissolve it if the Michigan courts dismiss the recount petition.)

[8] My presence on "the list" creates a conflict. Even though no one representing the president-elect has ever contacted me or asked whether I am interested in serving on the United States Supreme Court, being listed is a potential boon, however remote. And now that the person offering this boon is a party in my Court, it is appropriate to remedy this conflict by declining to participate in this matter.